No. 11,076.

COLORADO MILLING AND ELEVATOR CO. *v.* BRIGHT.

Decided November 10, 1924. Rehearing denied January 5, 1925.

Action for personal injuries. Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. MASTER AND SERVANT—*Safe Working Place.* The master must in all cases use reasonable care to make the working place safe, but the care required differs in different cases, depending on the conditions, character and circumstances of the employment.

2. *Personal Injuries—Assumption of Risk.* While since the adoption of the workmen's compensation act the doctrine of assumption of risk created by the master's negligence has disappeared, the workman still assumes, so far as a suit for dam-

ages is concerned, the risks not created by the master's negligence.

3.   *Instructions—Assumption of Risk.*   In a personal injury case, an instruction, that if the defendant was negligent, and its negligence was the proximate cause of the injury, there was no assumption of risk, held correct.

4.   NEGLIGENCE—*Test—Law or Fact.*   The test of whether a master was negligent, is whether his conduct was that of an ordinarily prudent man.

When there is no room for two opinions as to negligence, the question is a matter of law, and the court may direct a verdict, otherwise, not.

5.   PLEADING—*Personal Injuries—Negligence.*   In a personal injuries case, allegations of a complaint that a pit—into which plaintiff fell and was injured—was negligently left uncovered, held sufficient.

6.   INSTRUCTIONS—*Requests.*   There is no error in refusing requests which are sufficiently covered by the instructions given by the court.

*Error to the District Court of Alamosa County, Hon. J. C. Wiley, Judge.*

Mr. W. W. PLATT, Mr. JOHN I. PALMER, Mr. J. P. VEERKAMP, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BRIGHT had a verdict and judgment below for personal injuries caused by the alleged negligence of the plaintiff in error. The case comes here on writ of error and motion for supersedeas.

The principal contention is that there was no evidence of negligence. Plaintiff was injured by falling into a cement pit, in an engine room under construction, which pit was made to accommodate a large fly wheel. The pit was five feet wide, five feet deep and say twenty-five feet long. It was bridged near the middle by four planks, each two inches thick and one foot wide. The plaintiff was engaged with three other workmen in moving a heavy piece of

machinery on a hand truck; he was pulling on the handles of the truck and the others were pushing on the load to get the vehicle on to the planks which formed the bridge. In some unexplained way the load fell off the truck. which, thus lightened, went suddenly forward and so caused plaintiff to fall into the pit and receive the injuries of which he complains.

The negligence, if any, was in failure to cover the whole pit. The question in this case is, therefore, whether, under the circumstances, the defendant was negligent in not covering the fly wheel pit while the building was under construction. *Greeley v. Foster*, 32 Colo. 292, 75 Pac. 351, would be conclusive in favor of the plaintiff in error if Bright had been injured in the construction of the pit itself, but the pit had been finished, a floor laid down over the whole room except the pit, and Bright and his fellows were working above and around it. The case approaches more nearly that suggested in 2 Bailey Per. Inj. § 2934, mentioned by Mr. Justice Campbell in *Greeley v. Foster* at page 302: "The master is not under obligations to make reasonably safe the trench for those employees who are actually engaged in making it, but his duty is to have the trench made reasonably safe for the second class of employees who are to perform work of a different character in the trench after it is made."

It would be more accurate to say that while the master must in all cases use reasonable care to make the place to work safe, yet in the cases of work to make it safe, of work of construction, alteration and repairs and of work where the situation and circumstances are undergoing change the answers to the question, What is reasonable care to make it safe? differ, and are very different from the answer to the same question concerning a permanent, completed place to work.

A worker in steel construction walks on an I beam high above the ground and leans against the wind to keep from being blown off while he catches red hot rivets in a tin pail, yet his employer may have used reasonable care to

make the place safe under the circumstances of the case.

Since the Act of 1915, and the Workman's Compensation Act, the doctrine of assumption of any risk created by the master's negligence has disappeared, but the question of whether the employer was negligent remains, and the workman still assumes, so far as a suit for damages is concerned, the risks not created by the master's negligence.

The court instructed, in effect, that if the defendant was negligent and its negligence was the proximate cause of the injury there was no assumption of risk by plaintiff. This was right. C. L. §§ 4171, 4386 and 4387. These sections, with an exception not now noticed, abolish assumption of risk in the case of the master's negligence. Defendant in error has filed no brief, but we infer that there is some claim that the Workman's Compensation Act abolishes assumption of risk even when the master is not negligent. This cannot be true, because, first, the sections above cited refer only to the case where the master is negligent; and, second, the question of assumption of risk when the master is not negligent is academic; if not negligent he is not liable and no more need be said. To say that the servant has assumed the risk does not clear, but confuses our thought. To say that assumption of risk is in such case abolished can have no meaning but that the master is liable though not negligent.          .

The test whether defendant was negligent is whether the conduct of defendant was that of an ordinarily prudent man. Was it what such a man would have done in the same situation? When there is no room for two opinions the answer to this question is a matter of law and the court may direct a verdict, otherwise not. In the present case did the court know what ordinarily prudent men do in such a situation? We confess we do not. If the court below knew anything about it, did he know more than the jury? We cannot say that we do, nor that the learned judge who presided below did. We cannot set aside this verdict without substituting our judgment for the jury's.

The defendant claims that the complaint does not state

a cause of action. The same argument here leads us to the same conclusion. The negligence alleged is that the pit was negligently left uncovered. The evidence showed what the pleading stated; if, therefore, we cannot say that the evidence showed no right to damages, we cannot say that the complaint stated no such right.

Defendant's instruction No. 3 was refused. It was as follows: "The court instructs the jury that if you find from the evidence in this case that the injury received by the plaintiff was the proximate result of his own negligence and his own want of ordinary care, then he cannot recover in this action and your verdict must be for the defendant."

It would not have been an error to give it, because there cannot be two proximate causes,* and so if any act of the plaintiff was the proximate cause the negligence of the defendant could not be; but it was not error to refuse it, because the instruction amounts to no more than saying that plaintiff, in order to win, must show that defendant's negligence was the proximate cause and this was stated in other instructions. In other words, the issue affected by that instruction was, not whether any act of plaintiff, but whether any negligence of defendant was the proximate cause. The court correctly instructed on that issue. Whether plaintiff did anything that amounted to proximate cause was important only as evidence tending to show that defendant's negligence was not such cause.

An instruction for a verdict for defendant was refused. This was right if we are right in what we have said above.

Supersedeas denied and judgment affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD concur.

---

* Note that we are not considering a case where two acts of negligence constituted one proximate cause, nor a case of contributory negligence.