## WASHINGTON RY. & ELECTRIC CO. v. CHAPMAN.

### No. 5739.

Court of Appeals of the District of Columbia.

Argued April 4, 1933.

Decided May 8, 1933.

Rehearing Denied May 26, 1933.

P. H. Marshall and H. W. Kelly, both of Washington, D. C., for appellant.

Harlan Wood and J. P. Donovan, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District of Columbia in favor of appellee, plaintiff below, in an action for damages for personal injuries.

The accident occurred at the intersection of Maine avenue and 4½ street, in the city of Washington. Plaintiff and one Parker were driving a truck in an easterly direction on Maine avenue when the truck was struck by a street car belonging to the defendant company moving south on 4½ street. No complaint is made as to the extent of the injury sustained by the plaintiff or the amount of the damages awarded. The case turns upon the sufficiency of the evidence to sustain the verdict and the alleged error of the court in refusing to instruct the jury to return a verdict in favor of the defendant.

Approaching this assignment, we must consider the evidence adduced on behalf of plaintiff in the most favorable light in order to determine its sufficiency to sustain the verdict. According to the testimony of the plaintiff and Parker, the driver of the truck, they saw the street car approaching at a distance of about 75 feet from the point where the collision occurred; plaintiff testified it was traveling at a rate of about 25 miles an hour, and Parker at a rate of about 20 miles an hour. They testified that the truck was moving at from 8 to 12 miles an hour, in second gear, and was from 10 to 15 feet west of the curb line of 4½ street, which placed it at a distance of 30 to 35 feet west of the west rail of the track on which the car was approaching. They testified further that the truck could have been stopped "within 7 feet or less."

The street car approaching at 25 miles per hour would travel 36.62 feet in a second, or, if it maintained its speed, approximately 2 seconds to cover the distance from where it was first observed by the plaintiff and the point of collision. The plaintiff and Parker were riding in the front of the truck, which was 25 feet long. To clear the track on which the car was approaching, the truck would have to travel from 55 to 60 feet. Traveling at the rate of 8 miles per hour it would move 11.68 feet in a second, or approximately 5 seconds to clear the track. If traveling at the rate of 12 miles per hour, it would require less than 4 seconds to have covered the distance. These figures clearly demonstrate that no attempt was made on the part of the driver of the truck to stop the truck or slow down before entering upon the tracks. The difference in time also shows

a material slowing down in the speed of the car. The testimony shows that the plaintiff and the driver Parker were familiar with the streets and accustomed to handling this truck. That they were guilty of contributory negligence in driving upon the track, under these conditions, is in our opinion beyond question.

The evidence shows that, when it became apparent to the motorman that they were continuing in their course onto the track, he put on the brakes, and the car was almost stopped when it struck the truck about the rear wheel and threw it from the track. The impact was sufficient to stop the car. When the truck was pushed clear of the track the motorman moved the car to a point near the south curb of Maine avenue and stopped. The testimony of witnesses who were riding in the car was to the effect that there was very little, if any, jolt when the car struck the truck. One witness testified that she was jarred out of her seat, occasioned by the sudden action of the motorman in applying the brakes to stop the car. The testimony further showed that there was no damage whatever to the front part of the car where it came in contact with the truck.

Some contention is made as to whether or not the motorman sounded the gong as he approached the street crossing. The motorman and other witnesses testified that when he saw the truck approaching he sounded the gong. Plaintiff and Parker, the driver of the truck, testified that they did not hear the gong sounded. The testimony does · not amount to a denial of the fact that the gong was sounded, but whether it was sounded or not is not important, since plaintiff and the driver of the truck testified that they saw the car approach at a distance of 75 feet. The sounding of the gong is to give warning of the approach of the car. "Of course, if the driver saw the car approaching, there would be no need for the sounding of the gong." Bernhardt v. City & Suburban Railway Co., 49 App. D. C. 265, 269, 263 F. 1009, 1013.

Plaintiff and the driver Parker testified that after they observed the car at a distance of 75 feet from the point where the collision occurred, and when they were from 30 to 35 feet from that point, plaintiff paid no further attention to the car until it struck the truck. Parker testified that the next he observed the cars was when he had driven upon the tracks and it was about 20 feet away.

■ The court below submitted the case to the jury on the doctrine of last clear chance. This, we think, was error. While there is a reciprocal duty resting upon the motorman and the driver of a vehicle at a street crossing, the street car, a heavy unwieldy vehicle, is confined to a fixed track and is incapable of veering from its course to avoid accident. It has the preferential right of way, and this is a rule with which the parties will be charged with knowledge. The motorman in this case had a right to assume that the driver of the truck would stop outside of the zone of danger. The zone of danger on a street railway track, according to the testimony, is the distance of 3½ feet from the outside rail. The truck could have been stopped at least within a distance of 7 feet, while the street car, as appears from the evidence, could not be stopped short of the distance of its own length, or about 40 feet. To apply the doctrine of last clear chance to the facts in this case would be to impose a duty upon the motorman impossible of accomplishment. He had a right to assume that the truck would be stopped before it reached a point within a few feet of the tracks. There is nothing in the evidence to show that the motorman was lacking in attention to his duties, or that he had not his car within complete control, or that he was driving his car in excess of a lawful rate of speed, all of which are important elements to be considered in applying the rule of last clear chance. ·

■ Nor is the liability of the defendant increased in this case from the fact that the plaintiff was not driving the truck at the time of the accident. This court in Bernhardt v. City & Suburban Railway Co., supra, defining the duty of a passenger to avoid an accident, said: "It seems to us that where, for instance, a person hires a taxicab to convey him from his residence to a depot or some other point, he is not required, save under exceptional circumstances, to be on the lookout for danger at the risk of being charged with contributory negligence in case of accident, if he fails to do so. The primary duty of caring for the safety of the vehicle and passenger rests upon the driver, and unless the danger is known to the passenger he may rely upon the assumption that the driver will exercise proper care and caution. But if the passenger knows that the driver is incompetent or careless, or that he is not aware of a danger known to the passenger, and is not taking proper precautions, it is his duty to notify the driver of the peril, and it may devolve upon him to insist that the driver shall stop the vehicle and allow him to alight, or take some other suitable action for his own protection. If the passenger fails in any of these respects, he may be chargeable with contribu-

tory negligence. Anthony v. Kiefner, 96 Kan. 194, 200, 150 P. 524, L. R. A. 1915F, 876, Ann. Cas. 1916E, 264."

Plaintiff testified that, when he and the driver saw the car coming at a distance of 75 feet from the point of the collision, "he did not say anything to the driver about the street car coming at the rate of twenty-five miles an hour, because he had no right to as he was not driving. He did not think anything or paid much attention because he was not driving. It did not occur to him that he might be in danger if the street car and the truck collided. He did not think about it at all."

Plaintiff was a coemployee assisting the truck driver in the delivery and handling of furniture. He was not a passenger, but, even if he had been a mere passenger, the case would not be different, since, before the rule of liability for the injury to a passenger in a vehicle can apply, the negligence of the defendant must be established, and that fails in this case. There is nothing here to establish any negligence on the part of the defendant in the operation of its car or the failure to do anything after discovering the peril of the driver of the truck by which the accident might have been avoided.

The judgment is reversed, with costs, and the cause is remanded for further proceedings.