Raymond NITZEL and United States Fidelity and Guaranty Company, Appellants,

v.

The AUSTIN COMPANY, Appellee.

No. 5598.

United States Court of Appeals
Tenth Circuit.

Nov. 5, 1957.

Raymond A. Wagner, Denver, Colo. (Wagner & Wyers, Denver, Colo., were with him on the brief), for appellants.

Margaret R. Bates, Denver, Colo. (Yegge, Bates, Hall & Shuienberg, Denver, Colo., were with her on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appeal is taken from a judgment of no cause of action entered upon the verdict of a jury in an action by plaintiffs against defendant for damages occasioned by personal injuries allegedly suffered by plaintiff Nitzel as a result of defendant's negligence. The parties will be referred to as they appeared in the District Court for the District of Colorado. The United States Fidelity and Guaranty

Company, compensation insurer of plaintiff Nitzel's employer, has paid to the individual plaintiff in excess of $10,000 in workmen's compensation benefits and is joined as party plaintiff solely because of such fact. There is no issue peculiar to the corporate plaintiff.

At the time plaintiff sustained the injuries of which he complains he was engaged in the course of his empolyment as an employee of William Colin Kirk, subcontractor engaged in the installation of elevators on a project for the Atomic Energy Commission known as the Rocky Flats Project near Denver, Colorado. The defendant corporation, The Austin Company, was the prime contractor for the project. The trial court submitted the case to the jury upon instructions allowing consideration of the common-law defense of contributory negligence. Plaintiff contends that such defense has been abrogated by Colo.Rev.Stat.1953, sec. 80-6-5, in all cases where a servant is injured in the performance of his duty for his employer and regardless of whether or not an employee-employer relationship exists between the injured workman and the tort-feasor. The contention has no merit.

■ Plaintiff was not an employee of the defendant in this case and a most casual reading of the Colorado statute[1] shows its inapplicability to causes of action not involving claims by an employee against his employer. Article 6, of which Sec. 5 is a part, is entitled "Employer's Liability"[2] and the cited section,

by its terms, is premised upon the negligence of the employer. Plaintiff's contention to the contrary finds no support in case or reason and persuasive authority exists to the contrary. Colorado Milling & Eelevator Co. v. Bright, 76 Colo. 338, 231 P. 1111; Ferguson v. Ringsby Truck Lines, 10 Cir., 174 F.2d 744.

■ Plaintiff next argues that there is no evidence warranting submission to thhe jury of the issue of contributory negligence.[3] A review of the evidence which the jury may have determined to be both credible and crucial negatives error in this regard when considered, as the appellate rule requires, from the standpoint most favorable to the verdict. Washington Ry. & Electric Co. v. Chapman, 62 App.D.C. 140, 65 F.2d 486; United States v. Newcomer, 8 Cir., 78 F.2d 50; Grand Trunk Western R. Co. v. Collins, 6 Cir., 65 F.2d 875. Nitzel was injured (or so the jury could have found) when he fell three floors down an elevator shaft while attempting to adjust or repair an electric hoist in the shaft for the benefit of his employer, Kirk. To reach the hoist, Nitzel leaned into the shaft applying the pressure of his weight upon a steel bar which had been earlier installed by defendant at waist level across the entrance to the shaft. After a moment or two the steel bar loosened at one end, swung free and Nitzel fell into and down the shaft. The steel bar was a temporary installation intended as a warning device of the existence of an otherwise unprotected

1. Colo.Rev.Stat.1953, 80-6-5: "Whenever any agent, servant, or employee while in the performance of his duty for his employer, shall be injured or killed in the employer's service on account of the employer's negligence, or on account of any defect or peril connected with ways, works, machinery or instrumentalities used in the business of the employer, which could have been remedied or made more safe by the use of ordinary diligence, a recovery for such injury or death may be had. The fact that such employee had knowledge of the defect or peril, shall not be a bar to his recovery, unless the repairing or reme-

dying of such defect or peril was his principal duty. All stipulations, contracts or agreements between the employee and his employer or between other persons, contrary to the provisions hereof shall be null and void."

2. The entitlement, although not part of the statute, has legislative approval.

3. Plaintiff in his brief, uses the descriptive phrase "the assumption of risk" rather than "contributory negligence" but argues that the terms are synonymous as applied to the instant case. The term 'assumption of risk' was nowhere used by the trial judge in his charge.

elevator shaft and as a barricade tending to lessen the chance of a workman walking or backing into the shaft. Since plaintiff was an experienced workman in the installation of elevators and had prior warning of the limited purpose of the bar it was for the jury to determine whether or not he exercised due caution for his own safety in relying upon the security of the bar to support him while leaning into the shaft.

Appellant further asserts that the trial court erred in refusing proffered instructions relative to the application of the doctrine of res ipsa loquitur. Again, we find no error. The trial court in its instructions did not clothe plaintiff with the burden of proving specific acts of negligence upon defendant's part in the installation of the steel bar. The court required plaintiff to show only "that the bar was inadequate to withstand the uses reasonably expected to be made of it." The essential jury question was whether or not plaintiff had made a reasonable use of the bar under all the circumstances of the case. The doctrine of res ipsa loquitur is not applicable to such an issue.

■ Arguing that the evidence offered in the case raised no issue pertinent to the subject matter of certain cautionary instructions given by the trial court appellant includes the giving of such instructions in his assignments of error. The charge of the court included such statements as "the defendant is not an insurer of the safety of the plaintiff" and the "jury should not resort to guess, conjecture or speculation". These instructions and others complained of by appellant are not unusual, do not introduce matter foreign to the case, and are without prejudice to appellant. No abuse of the trial court's discretion is apparent.

■■ Plaintiff-appellant's final assignment attacks the receipt into evidence, in toto, of certain written statements used by plaintiff in an effort to impeach two witnesses for the defense. Although the statements were actually introduced by counsel for plaintiff he jus-

tifies this stand on the theory that the trial court required him so to do. The record shows no undue pressure exerted by the court and sets forth counsel's statement "I am perfectly willing to offer it in evidence." But regardless of his reason for ultimately offering the document, certain it is that counsel could not utilize a single statement from the writing and foreclose the opposition from entering however much of the context is necessary to explain an apparent self-contradiction by the witness. Professor Wigmore, III Wigmore on Evidence sec. 1046, speaking in favor of the introduction of the whole statement, says "the possible disadvantage of introducing some irrelevant matter may well be borne by the party who provoked this result by attempting to introduce a fragmentary portion." Furthermore, the written statements were short, completely concerned with the accident and how it happened. There is no irrelevant material which might require further investigation of this rule; plaintiff's only prejudice lies in the repetition of evidence against him, which was brought on by himself.

In addition to his substantive appeal appellant presents, by motion, the request that costs of printing the record be assessed against the appellee. He states that he offered "a fair narrative statement" of the testimony of the witnesses requiring approximately twenty printed pages whereas seventy printed pages are required showing questions and answers from the transcript as insisted upon by the appellee. Rule 75(e), Federal Rules of Civil Procedure, 28 U.S.C.A., is clear in its purpose and its sanctions:

"All matter not essential to the decision of the questions presented by the appeal shall be omitted. * * * For any infraction of this rule or for the unnecessary substitution by one party of evidence in question and answer form for a fair narrative statement proposed by another, the appellate court may withhold or impose costs as the circum-

**714**

stances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties."

See also Rule 16 of this court, 28 U.S. C.A. which provides in part:

" *   *   * If appellant, after examination of such additional designation filed by the appellee, certifies that the whole or any part of the material requested by appellee in his additional designation is unnecessary, then the appellee will be required to advance the costs of reproducing those parts. If such costs are not advanced by appellee, those parts called for shall not be reproduced. If it should appear that appellant's bond on appeal is not sufficient to cover the cost of reproduction advanced by appellee, additional bond shall be required of appellant to cover such reproduction costs. Appellee may also certify that any part of the record designated by appellant is unnecessary. Upon motion of either party, the appellate court shall assess costs according to right and justice upon the final determination of the case for the reproduction of any unnecessary parts of the record.  *   *   *"

We agree with appellant that much of the record reproduced is unnecessary to the disposition of this case on appeal, but since appellant has not brought before us his proposed narrative, we are unable to determine that the fault lies with the appellee. There is not even a statement as to whatever negotiations took place between the parties in the attempt to settle the record. In fact, the only logical conclusion that may be drawn from the printed matter lodged with this court is that appellant abandoned his narrative in favor of the stipulation of record advanced by appellee. There is no factual basis for awarding costs against the appellee and the motion is denied.

The judgment is affirmed.