Joe Walter LEADON, Petitioner,

v.

KIMBROUGH BROTHERS LUMBER COMPANY et al., Respondents.

No. B–2940.

Supreme Court of Texas.

July 19, 1972.

Rehearing Denied Oct. 4, 1972.

Krist, McConnico & Jones, Kenneth D. McConnico and Ronald D. Krist, Houston, for petitioner.

Joe Davis Foster, Center, for respondents.

REAVLEY, Justice.

Joe Walter Leadon brought this action against M. E. Kimbrough and Doyle Kimbrough and their partnership, Kimbrough Brothers Lumber Co., to recover damages for personal injuries received by Leadon while he was working as an employee for the defendants. Kimbrough was subject to the Workmen's Compensation Act but was not a subscriber to or covered by workmen's compensation insurance. Art. 8306, Sec. 1, Vernon's Ann.Tex.Civ.St. is applicable. After obtaining favorable findings in the jury verdict, Leadon recovered $4400 against the defendants by the trial court judgment. The court of civil appeals reversed and rendered judgment that Leadon take nothing. 469 S.W.2d 408. The judgment of the trial court will be reinstated.

Leadon worked in the woods of East Texas operating a power saw to fell trees and saw them into logs. On the pertinent occasion, July 10, 1967, he had just cut down a large oak tree which fell through other large adjacent trees. While he was cutting the fallen tree into logs, a limb fell from above and knocked him into the blade of his saw.

Terry Bussey was working with Leadon at the time and witnessed the injury. Bussey was a twenty year old college student hired by Kimbrough some three weeks earlier to work with Leadon. His tasks included measuring the fallen trees to mark for the length of the logs and to bring oil and gas for the power saw; and there was testimony that he had been directed to watch for falling limbs. Bussey testified that he had kept a lookout and had warned Leadon of hanging or falling limbs, but he said that he just forgot to look on this particular occasion. The jury found that Bussey was negligent in failing to keep a lookout and that this negligence was a proximate cause of Leadon's injury.

■ The court of civil appeals held against Leadon on the ground that he had failed to establish that Kimbrough owed him the duty to hire someone to watch for falling limbs. An employer's duty is to exercise care to provide the employee with a reasonably safe place to work. Sears, Roebuck & Co. v. Robinson, 154 Tex. 336,

280 S.W.2d 238 (1955); Great Atlantic & Pacific Tea Company v. McGee, 396 S.W.2d 896 (Tex.Civ.App.1965, writ ref. n. r. e.). This is a legal standard, and we would be unwilling to restrict this rule of law to hold that the employer of a logger has no legal duty under any circumstances to exercise care to prevent objects falling from above upon the employee. *But see* Davis v. W. T. Carter & Bro., 19 S.W.2d 336 (Tex.Civ.App.1929, writ ref.).

The court of civil appeals further held that, because of testimony that it was not the custom in the timber industry to provide a lookout for the man with the saw, "it devolves upon the plaintiff, before he can recover, to produce evidence showing that such custom is negligent." 469 S.W.2d 411. If Leadon were contending that the employer's liability was predicated upon a failure to provide a safe place to work and to furnish someone to watch for falling limbs, the custom in the industry would be proper evidence on the issue of negligence but it would not be controlling. Brown v. Lundell, 162 Tex. 84, 344 S.W.2d 863 (1961); Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968 (1944); Comanche Duke Oil Co. v. Texas Pac. Coal & Oil Co., 298 S.W. 554 (Tex.Com. App.1927). The ultimate question for the jury to decide in that event would be whether a failure to provide such a lookout constituted negligence. However, the contention here is that Terry Bussey was negligent in failing to keep a proper lookout for this danger. The trial court judgment is based upon jury findings in favor of this contention. If Leadon has proved that his injuries were proximately caused by the negligence of an employee of Kimbrough acting within the scope of his employment, under the provisions of Art. 8306, Sec. 1 he is entitled to recovery. Najera v. Great Atlantic & Pacific Tea Company, 146 Tex. 367, 207 S.W.2d 365 (1948); Railway Express Agency, Inc. v. Gray, 211 S.W.2d 1013 (Tex.Civ.App.1948, writ ref. n. r. e.).

It was uncontroverted that Bussey was employed by Kimbrough to work as an assistant to Leadon. Both Leadon and Bussey testified that Bussey did in fact undertake to keep watch for hanging or falling limbs. Special issues were answered by the jury in Leadon's favor to the effect that Bussey was engaged in the furtherance of Kimbrough Brothers business at the time of the occurrence and that Bussey's failure to keep a lookout was negligence and a proximate cause of Leadon's injury. The jury was not asked specifically if Bussey undertook to keep the lookout in the performance of his work. However, there was no objection by Kimbrough to the absence of that inquiry, and the judgment of the trial court for Leadon carries a deemed finding in favor of Leadon. Rule 279, Texas Rules of Civil Procedure. If Bussey was keeping watch until this occasion, whereupon he turned to daydreaming, his conduct was a departure from a proper performance of his duty—just as was the failure to close a door in Najera v. Great Atlantic & Pacific Tea Co., *supra*, and the failure to steady the heavy safe in Railway Express Agency v. Gray, *supra*.

Kimbrough contends that Bussey's failure to keep a proper lookout could not be within the scope of his employment in the absence of proof that the employer authorized Bussey to keep that lookout. The contention fails because of the rule that makes the employer liable when the negligent act falls within the scope of the general authority of the employee. It is not essential that the negligent act or omission should have been expressly authorized by the employer so long as it is in furtherance of the employer's business and for the accomplishment of the object for which the employee is employed. Texas Power & Light Co. v. Denson, 125 Tex. 383, 81 S.W.2d 36 (1935). The object for which Bussey was hired was to assist Leadon. His lookout for limbs and his handling of the gas for the power saw and his measurement of the trees were all acts within

that general authority or purpose. The watch for limbs served the purpose and business of the employer in that it protected his employees from a common danger of the job and permitted Leadon to concentrate on his operation of the power saw.

■ The jury has found that Bussey was engaged in the furtherance of the employer's business and that Bussey's failure to look out on this occasion was, under all the circumstances, a failure to exercise care and a proximate cause of the injury. The findings are supported by the evidence. There was no contention in the court of civil appeals that the jury finding was unsupported by factually sufficient evidence.

For these reasons, and having found no merit to any of the points urged by Kimbrough in its appeal to the court of civil appeals, the judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

Dissenting opinion by CALVERT, C. J., in which WALKER and GREENHILL, JJ., join.

DANIEL, J., concurs in the result.

CALVERT, Chief Justice (dissenting).

I respectfully dissent.

I am not convinced that Bussey had a duty to keep a lookout for falling limbs and to warn Leadon thereof as an incident of or in the scope of his employment. The only evidence supporting the majority's conclusion that he did have such a duty is that he "had been directed to watch for falling limbs" by some person whose authority to give the direction is not established or acknowledged, and that Bussey had kept a lookout and had warned Leadon of hanging or falling limbs on other occasions.

Although, as to employers subject to the Workmen's Compensation Act but not covered by workmen's compensation insurance,

Art. 8306, Sec. 1, V.A.T.C.S., abolishes the fellow servant defense, an injured employee, as a condition to the recovery of damages from his employer must nevertheless establish negligence on the part of the employer. The employer cannot be liable for injuries caused to one employee by reason of the negligence of another, unless the negligence constitutes breach of a duty imposed upon him as an incident of or in the scope of his employment.

The majority's conclusion in this case does not find support in Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365 (1948). In that case an employee was injured when a fellow employee left a door open in breach of his duty to keep it closed under certain circumstances.

WALKER and GREENHILL, JJ., join in this dissent.