Opinion issued March 16, 2017



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00179-CV

_____

## VICTOR KAREH, M.D., Appellant

## V.

## TRACY WINDRUM, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF LANCER WINDRUM, AND ON BEHALF OF HER MINOR CHILDREN, B.W., J.W., AND H.W., Appellee

---

On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Case No. 2012-07156

---

## O P I N I O N

## DISSENTING FROM DENIAL OF EN BANC RECONSIDERATION

I respectfully dissent from the Court's order denying en banc reconsideration. En banc review would provide an opportunity for the Court to clarify two parts of the panel's opinion that might otherwise be misinterpreted in a way that conflicts with Texas law. This opinion is intended to provide context for these parts of the panel's opinion to reduce the risk of misinterpretation.

The first possible misinterpretation is that the panel is suggesting that an expert's negligence opinion cannot be based on experience. It can. It is just that when an expert relies on experience as the basis for an opinion, the expert must explain the experience so the jurors can meaningfully review it. The second is that the panel is suggesting that an expert's negligence opinion is conclusory if the expert does not identify any supporting literature. That is not necessarily true. Whether an expert's opinion is conclusory does not turn on whether an expert can identify supporting literature; instead, it turns on whether an expert who relies on literature as the basis for an opinion has adequately explained the literature's applicability so jurors can meaningfully review the opinion.

The expert opinion at issue here was given by neurosurgeon Dr. Robert Parrish on behalf of Tracy Windrum. Dr. Parrish testified that Dr. Kareh was negligent. Dr. Kareh objected to Dr. Parrish's causation opinion before trial but did not object to his negligence opinion. The Texas Supreme Court has held that a party may challenge an expert's opinion for the first time post-verdict as long as the

challenge is that the opinion was conclusory and therefore was no evidence. *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232–33 (Tex. 2004) (holding that conclusory expert opinion "does not constitute evidence of probative force," meaning that it is "non-probative on its face" and "no evidence").[1]

Dr. Kareh makes this new challenge to Dr. Parrish's negligence opinion, and the panel agrees, holding that Dr. Parrish's negligence opinion was conclusory and no evidence. In his dissent from denial of en banc reconsideration, Justice Jennings disagrees. The disagreement between the panel and Justice Jennings is not surprising because the line between an opinion that is conclusory and one that is not is sometimes difficult to draw. *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 388 (Tex. 2008).

---

[1] Professors Goode and Wellborn argue that the Texas Supreme Court should revisit its opinions allowing challenges to expert testimony as conclusory to be raised for the first time post-verdict. *See* 2 Steven Goode & Olin Guy Wellborn III, TEXAS PRACTICE SERIES, GUIDE TO THE TEXAS RULES OF EVIDENCE § 702.1, at 31–33 (4th ed. 2016); *see also* Harvey Brown & Melissa Davis, *Eight Gates for Expert Witnesses: Fifteen Years Later*, 52 HOUS. L. REV. 1, 50–68, 82–93 (2014). In this case, for example, if faced with an objection that Dr. Parrish's opinion on the standard of care was conclusory, Windrum would have had an opportunity to develop a fuller record on his experience.

### *When is expert testimony conclusory?*

The Texas Supreme Court has identified several circumstances in which expert testimony is conclusory.[2] One circumstance is when an expert asks the jury to take his word for it that his opinion is correct. Harvey Brown & Melissa Davis, *Eight Gates for Expert Witnesses: Fifteen Years Later*, 52 HOUS. L. REV. 1, 51 (2014) ("A principal basis the Texas Supreme Court has used to identify 'conclusory' expert testimony is whether the expert has identified the basis for his opinion or whether the jury essentially must take the expert's word for it."); *see Arkoma*, 249 S.W.3d at 389 (noting that conclusory expert testimony asks "jurors to 'take my word for it'"). An expert asks the jury to take his word for it when the expert offers only his "bald assertion" or "bald assurance" that his opinion is correct. *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 591 (Tex. 1999).

A second circumstance in which an expert opinion can be conclusory is when the expert's explanation or offered basis is facially defective in some manner. *Fifteen Years Later*, 52 HOUS. L. REV. at 53. As the Texas Supreme Court explained in *City of San Antonio v. Pollock*, expert testimony is conclusory not only when the expert offers "no basis for the opinion" but also when "the basis offered provides no support" for the opinion. 284 S.W.3d 809, 818 (Tex. 2009). This occurs, for

---

[2]     The Court's opinions reveal five different circumstances. *Fifteen Years Later*, 52 HOUS. L. REV. at 67–68.

example, when the data simply does not support the conclusion, such as when the offered support contradicts the expert's opinion, does not say what the expert says it does, or does not apply to the issue before the jury.

A third circumstance is when the expert offers only his word that the claimed basis—such as facts, data, or literature—supports the opinion without connecting the basis to the opinion. An expert "must 'connect the data relied on and his or her opinion' and 'show how that data is valid support for the opinion reached.'" *Hous. Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 835 (Tex. 2014) (citations omitted) (quoting *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 642 (Tex. 2009)).

Under well-established precedent from the Texas Supreme Court, if the expert does not explain the link between the data and the conclusion, a "fatal analytical gap" exists and the opinion is conclusory. *Elizondo v. Krist*, 415 S.W.3d 259, 265 (Tex. 2013) (holding that expert's opinion was conclusory despite reliance on experience because of lack of adequate explanation for how experience led to opinion).[3] The explanation must provide jurors "sufficient information to make a

---

[3]   *See also Jelinek v. Casas*, 328 S.W.3d 526, 536 (Tex. 2010) (stating that medical expert must "explain how and why the negligence caused the injury" and "explain why" his causation opinion was superior to opinion of other experts and failure "to give any reason beyond an unsupported opinion" renders the opinion incompetent); *Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 840 (Tex. 2010) (holding that, because plaintiffs' expert failed to "explain or adequately disprove alternate theories of causation," his theory was conclusory); *Volkswagen of Am., Inc. v. Ramirez*, 159

meaningful evaluation" of the expert's opinion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) (requiring attorney's fee expert to provide "sufficient information to make a meaningful evaluation of the application for attorney's fees"). Absent a meaningful explanation, jurors are left with simply taking the expert's word for it that the claimed basis supports the opinion.

It is the expert's explanation of "how and why" that forms the "sound evidentiary basis" for an opinion. *Jelinek v. Casas*, 328 S.W.3d 526, 536 (Tex. 2010).[4] When "the expert's explanation is at such a general level that it offers no meaningful information to the jury to enable it to review the reliability of the opinion," it is conclusory. *Fifteen Years Later*, 52 HOUS. L. REV. at 67.

The rule precluding conclusory expert testimony "is not a mere procedural hurdle." *Shenoy v. Jean*, No. 01-10-01116-CV, 2011 WL 6938538, at *6 (Tex.

---

S.W.3d 897, 902, 906, 911 (Tex. 2004) (noting that expert did not attempt to "explain how" certain events occurred in accident or to "explain how any of the research or tests he relied on support his conclusion" and holding that his opinions were conclusory); *Kerr-McGee Corp. v. Helton*, 133 S.W.3d 245, 258 (Tex. 2004) (holding that expert opinion was "incompetent" and "no evidence" when expert "failed to sufficiently explain" how data supported opinions), *abrogated on other grounds by Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1 (Tex. 2008); *Burrow v. Arce*, 997 S.W.2d 229, 236 (Tex. 1999) (holding that expert's affidavit was conclusory because, even though he identified three factors considered in reaching conclusion, he did not "explain why" those factors supported his opinion); *cf. Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex. 1998) (stating that the "gap" in expert's opinion was "failure to show how" underlying data "supported his conclusions").

[4] *See also Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999); *Burrow*, 997 S.W.2d at 235–36.

App.—Houston [1st Dist.] Dec. 29, 2011, pet. denied) (mem. op.). Without meaningful explanation, the jurors are left with only the expert's credentials to evaluate the reliability of the expert's opinion. *See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 440 (Tex. 2007) (explaining that jurors need access to data underlying expert's testimony "to accurately assess the testimony's worth"). Juries are "often confronted with conflicting expert testimony." *Shenoy*, 2011 WL 6938538, at *6. "It is the expert's explanation of 'how' and 'why' causation exists that allows the factfinder to weigh the credibility of the expert's opinion and, when expert opinions conflict, to decide which testimony to disregard." *Id.*

The no-conclusory-expert-opinions rule ensures that "the evidentiary value of expert testimony" is not based solely on credentials—that the testimony's value "is derived from its basis, not from the mere fact that the expert has said it." *Hou. Unlimited*, 443 S.W.3d at 829; *see generally Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 712–13 (Tex. 1997) (noting that underlying data must be available so it can be independently evaluated). No expert, no matter how well-qualified, may offer an opinion without providing a basis that jurors may evaluate. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 801 (Tex. 2006). "If the expert brings only his credentials and a subjective opinion, his testimony is fundamentally unsupported." *Id.*; *see Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999) (noting that

7

"it is the basis of the [expert] witness's opinion, and not the witness's qualifications,"
that determine reliability).

***Experience may be an adequate basis for an expert's negligence opinion***

The panel acknowledges in passing that experience can provide an adequate basis for an expert's opinion. *See Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998) (stating that "[e]xperience alone may provide a sufficient basis for an expert's testimony in some cases"). This principle applies to all experts, including physicians in medical negligence cases.[5] But because the panel's opinion never discusses the adequacy of Dr. Parrish's experience treating obstructive hydrocephalus as a basis for his negligence opinions, it could be misinterpreted as holding that experience alone cannot provide an adequate basis.

When a physician testifies about the "ordinary care" that physicians should provide under "the same or similar circumstances,"[6] that opinion is often based, at least in part, on the physician's own experience. But an expert may not claim experience as a mantra to insulate her opinion from challenge. *See Volkswagen of*

---

[5]  *See, e.g.*, *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 406 (3d Cir. 2003) (holding cardiologist's opinion on standard of care for administration of drug was sufficiently reliable, despite lacking evidence that opinion was generally accepted or was set forth in peer-reviewed publication, because it was based on cardiologist's experience).

[6]  These are the legal standards for determining medical negligence under Texas law and the Texas Pattern Jury Charge. *See Texas Pattern Jury Charges: Malpractice, Premises & Products* PJC 50.1 (2014).

*Am., Inc. v. Ramirez*, 159 S.W.3d 897, 905–06 (Tex. 2004) (holding that expert's incantation of "basic scientific and some engineering principles" and "reliance on the 'laws of physics,' without more, is an insufficient explanation").

The expert who relies on her experience as the basis for an opinion must provide at least some general description of her experience. In a medical negligence case, the physician must provide at least some general explanation regarding how often the physician has treated a patient with similar symptoms or conditions under similar circumstances. Or, if the expert has not personally done so but relies on the experiences of other physicians, the expert must explain her observations of other physicians' experiences or describe the source of her information—such as discussions with other physicians, lectures, treatments given during rounds, or discussions during various meetings.[7] Without such an explanation, the jury cannot evaluate whether the expert has encountered circumstances that were "the same or similar" or what the "ordinary care" would be under the circumstances.

---

[7] For example, an expert physician may know how other physicians have treated a condition at her hospital or clinic. Evidence of custom is admissible in a medical negligence case. *Kissinger v. Turner*, 727 S.W.2d 750, 755 (Tex. App.—Fort Worth 1987, writ ref'd n.r.e.); *see generally Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972) (noting that evidence of custom is pertinent in determining negligence).

If the expert testifies simply that, based on her experience, the treating physician met or did not meet the ordinary-care standard, that negligence opinion would be conclusory. "An expert cannot globally claim that his opinion is based on his . . . experience." *Fifteen Years Later*, 52 HOUS. L. REV. at 154. Rather, the "expert must provide some estimate of his experience." *Id.* "This requirement typically is not satisfied by a 'random experience' or an 'isolated case.'" *Id.* at 155 (quoting *Minn. Mining & Mfg. Co. v. Atterbury*, 978 S.W.2d 183, 200–01 (Tex. App.—Texarkana 1998, pet. denied)). On the other hand, "extensive 'experience can suffice to validate a proposition even when the experience cannot be precisely quantified.'" *Id.* at 155–56 (quoting Edward J. Imwinkelried, *The Meaning of "Appropriate Validation" in* Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Interpreted in Light of the Broader Rationalist Tradition, Not the Narrow Scientific Tradition*, 30 FLA. ST. U. L. REV. 735, 747 (2003)). If the expert "is relying solely or primarily on experience," the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." FED. R. EVID. 702 advisory committee's note.

In medical-negligence cases, the determination of what a reasonably prudent physician would do "under a given set of circumstances involves a normative analysis." *Fifteen Years Later*, 52 HOUS. L. REV. at 246. Thus, "courts require

10

experts to be sufficiently specific in explaining how they derived the applicable standard of care from their specialized knowledge, training, and experience so that juries can make the necessary normative judgments." *Id*. at 247.

As part of that normative judgment, a proponent of an expert negligence opinion that relies exclusively on the expert's experience as the basis for the opinion is asking the jury to take that experience—fact A—and then draw an inference from it as to the standard of care for a reasonably prudent physician—fact B—to conclude that the defendant physician did or did not meet that standard. "The physician's experience alone is insufficient to make a logical inferential determination that her practice is the same as the standard of care, that requires evidence of what other physicians do or do not do under the same or similar circumstances." *Id*. at 158.[8]

For this reason, in most medical-negligence cases, the parties use physician experts who rely not only on their own experience but on other data to establish the standard of care. But just because experts frequently rely on medical literature to

---

[8] The testimony of what a particular physician has done or would have done under the circumstances—fact A—is insufficient to establish the standard of care for other physicians. *See Montet v. Narcotics Withdrawal Centers, Inc.*, No. 14-99-01401-CV, 2001 WL 1287384, at *6 (Tex. App.—Houston [14th Dist.] Oct. 25, 2001, no pet.) ("What a testifying expert personally would or would not have done or what he would like to have seen done under the same or similar circumstances is not sufficient to establish the requisite standard of care."); *see also Hernandez v. Nueces Cty. Med. Soc. Cmty. Blood Bank*, 779 S.W.2d 867, 870 (Tex. App.—Corpus Christi 1989, no writ). Something more is required—fact B.

supply that "something more" does not necessarily mean that the law requires such literature. I turn to that issue next.

***The absence of supportive literature does not necessarily make the opinion conclusory***

The panel's opinion could be misinterpreted to suggest that an expert's negligence opinion is conclusory if it is not based on supportive literature. And in a medical malpractice case, the panel's opinion could be read to suggest that a physician's opinion on the appropriate care that another physician should have provided is conclusory if the expert fails to identify supportive medical literature. Such a reading would be incorrect. An expert is not required to identify supportive literature to avoid a holding that the expert's opinion is conclusory.

A qualified physician may provide non-conclusory opinion testimony on how a physician should treat a medical condition without reference to supportive literature, provided the expert has another adequate basis for the opinion. The same is true for other negligence claims. Supportive literature is not necessary; what is necessary is an adequate basis for the opinion.

Dr. Parrish testified that his "opinions" (plural) are "support[ed]" by medical literature. But he did not identify the particular opinion that is supported by the literature. Nor did he read to jurors the portions of the literature that support his negligence opinion (assuming Evidence Rule 803(18)'s predicates have been satisfied) or explain how the literature supports his negligence opinion. If an expert

12

relies solely on literature as the basis for an opinion, offers only a general recitation to the literature, and does not explain how the data—the literature—supports the expert's opinion, the opinion is conclusory. In such a case, the jurors are being asked to take the expert's word for it that the literature supports the opinion, which is not permissible.

Without information about the content of the literature, the jury must determine the weight to give the expert's opinion based on the only evidence it has: the expert's qualifications and general credibility. That is not enough. *Pollock*, 284 S.W.3d at 818 (stating that, if "the basis offered" as a foundation for an expert opinion "provides no support, the opinion is merely a conclusory statement and cannot be considered probative evidence"); *see Ramirez*, 159 S.W.3d at 913 (Hecht, J., concurring) (observing that validity of expert's opinions "can be measured by one thing, and one thing only: his personal credibility.").

Because I see two areas of possible misinterpretation of the panel's opinion and a need to clarify the law to avoid such misinterpretations, I respectfully dissent from the denial of en banc reconsideration.

Harvey Brown
Justice

Panel consists of Justices Keyes, Massengale, and Bland.

Justice Harvey Brown, dissenting from denial of en banc reconsideration.