Forrest H. PURVIS et al., Appellants,

v.

HOLIDAY INN, INC. et al., Appellees.

No. 5326.

Court of Civil Appeals of Texas, Eastland.

July 5, 1979.

Rehearing Denied July 26, 1979.

Joe N. Boudreaux, Smith, Schutze & Boudreaux, Dallas, for appellants.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, Richard B. Ouer, Law Offices of A. L. Breeland, Dallas, for appellees.

RALEIGH BROWN, Justice.

This is an invasion of privacy case. Forrest H. Purvis and wife, Gloria D. Purvis, individually and as next friend of their minor daughters, Saundra Denise Purvis and Dianne Michelle Purvis sued Holiday Inn, Inc. and Prattco, Inc., individually and d/b/a Holiday Inn D–FW Airport to recover actual and exemplary damages sustained when their private use of defendants' motel room as registered paying guests was willfully and outrageously interfered with in the middle of the night. The jury (1) found that Amin Baji, defendants' employee, willfully interfered with plaintiffs' private use of their motel room in such a manner as to outrage, or cause mental suffering, shame or humiliation to a person of ordinary sensibility, and that such interference was a proximate cause of the suffering of mental anguish by the plaintiffs except Saundra Denise Purvis; (2) awarded damages of $6,000 each to Forrest and Gloria Purvis, $3,000 to Dianne Michelle Purvis and no damages to Saundra Denise Purvis; and (3) found that the sum of $25,000 should be awarded against defendant motel as exemplary damages. Judgment was entered by the court for the actual damage award but denied the exemplary damages. Plaintiffs filed a limited appeal challenging the denial of exemplary damages. We affirm.

The issue is whether managerial capacity and scope of employment, or ratification by a managing agent, were established as a matter of law since no special issues inquiring as to such matters were submitted.

The court in *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967) said:

The rule in Texas is that a principal or master is liable for exemplary or punitive damages because of the acts of his agent, but only if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the employer or a manager of the employer ratified or approved the act.

The above test is set out in the Restatement of Torts § 909 and was adopted in *King v. McGuff*, 149 Tex. 432, 234 S.W.2d 403 (1950).  . . .

See also *K-Mart No. 4195 v. Judge*, 515 S.W.2d 148 (Tex.Civ.App.—Beaumont 1974, writ dism'd).

The evidence establishes that Amin Baji willfully interfered with plaintiffs' use of the motel room in the middle of the night in an unceremonious fashion.  However, after a careful review of the record, we are convinced that plaintiffs failed to establish as a matter of law that Amin Baji was employed in a managerial capacity and was acting in the scope of his employment.  There is also no evidence his employer ratified or approved the act.

William Ferguson testified as follows:

Q  Can you tell me about when you started and stopped working for Holiday Inn at D–FW, approximately?

A  I believe I started there in November—January of '75 up till March or April of '76.

Q  And what was your position or title there?

A  Innkeeper.

Q  As innkeeper at that particular Holiday Inn were you actually employed by Prattco, a company called Prattco?

A  Yes, they were the franchise lien holders.

Q  Did you hold that position of innkeeper the entire time that you were so employed?

A  Yes.

Q  Just kind of every day words, what does that mean, innkeeper?  Describe your job for me.

A  Well, I supervised what we called the rooms department of the hotel and the way the chain of command was set up there, had a lateral responsibility with the food and beverage director.  We both reported to the director of operations due to the fact that he officed out of the hotel.

Q  What was that at that time?

A  That was Mr. Lamberti.

Q  Was there a general manager or did the position of innkeeper encompass that as well as some other duties?

A  Normally it would but not in this situation because of the fact that Mr. Lamberti—I guess I could say his tile would be general manager, vice-president of operations.

Q  During the period of time you were the innkeeper at that particular Holiday Inn location, was there also an employee of Prattco there by the name of Amin, A-m-i-n Baji, B-a-j-i?

A  Yes, there was.

Q  Was it part of your job—did you have personnel responsibilities, hiring and firing employees?

A  Yes, I did.

Q  Did you actually hire this man?

A  No, I did not.  He was employed before I came to work there.

Q  What was his job?

A  His job was that of night auditor.  However, I believe his title was night manager.

Q  Was it a part of your responsibility to supervise him during the time you were innkeeper?

A  It's interesting you should ask that question.  He was to report to me functionally and report to Mr. Lamberti—I believe it was administratively.  There was a memo out to that effect when I was hired.

Q  I need some clarification then.  When you say report administratively, what does that mean?

A  Really pretty hard to clarify.  If there was a problem at the front desk that I could handle or that was regarding the staffing and things along this line, he reported to me.  But any information that Lamberti felt was pertinent should come to his attention as opposed to coming to mine.  He had the option to go over my head, is the best way to put it.

Q Let me back up just a minute, and ask you if you will to just describe for me and the court what that position of night manager or night auditor meant. What was Mr. Baji's job?

A Primarily to take all of the day's transactions and do what is called in the hotel the night audit which means charge room and tax to everyone's bill, make sure that any late charges such as club charges, restaurant charges, any long distance calls after 11:00 o'clock at night, anything that involves with making sure the account is ready for the individual if he checks out early the next morning plus checking in any people who may come in after the 11:00 o'clock shift.

.    .    .    .    .

Q Now, then, would it be an accurate statement to say that insofar as any problem or complaint that a guest might have during the hours of 11:00 to 7:00 that would involve the night auditor or manager, would you be his superior or his supervisor insofar as that area is concerned?

A Yes, I'd have to say so.

Such evidence is sufficient to create a fact issue as to whether Amin Baji was employed in a managerial capacity on the occasion in question.

We have considered and overrule all points of error. It will not, therefore, be necessary to consider appellees' cross-point.

The judgment is affirmed.