Forrest H. PURVIS et al., Petitioners,

v.

PRATTCO, INC. d/b/a Holiday Inn, D–FW Airport, North, Respondent.

No. B–8773.

Supreme Court of Texas.

Feb. 27, 1980.

Baker, Foreman & Boudreaux, Joe N. Boudreaux and Joe Smith, Dallas, for petitioners.

Gardere, Porter & DeHay, Gordon H. Rowe, Jr., Law Offices of A. L. Breeland, Richard B. Ouer, Dallas, for respondent.

BARROW, Justice.

Petitioners, Forrest H. Purvis and wife, individually and as next friend of their minor daughters, brought this suit to recover actual and exemplary damages from respondent, Prattco, Inc., d/b/a Holiday Inn D–FW Airport North. Petitioners alleged that their private use, as registered guests, of a motel room was interfered with in the middle of the night by respondent's employee, Amin Baji. Judgment was rendered on the jury verdict for actual damages, but the trial court disregarded the jury finding of exemplary damages for the stated reason that the evidence did not conclusively establish that Baji was acting in a managerial capacity for respondent at such time. Petitioners appealed from the denial of exemplary damages. No complaint was made by either party as to the recovery of actual damages. The court of civil appeals affirmed. 588 S.W.2d 794.

The sole question before us is whether the evidence conclusively establishes that

Baji was acting in a managerial capacity at the time of the incident in question so as to subject the corporate defendant to liability for exemplary damages. We hold that it does. Accordingly, we reverse the judgments of the courts below and remand the cause to the trial court with instructions that the judgment be reformed to include petitioners' recovery of exemplary damages.

The rule in Texas, as restated by this Court in *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex.1967), is that a principal or master is liable for exemplary or punitive damages because of the acts of his agent, but only if:

"(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the employer or a manager of the employer ratified or approved the act."

*See also: King v. McGuff,* 149 Tex. 432, 234 S.W.2d 403 (1950); *Bass v. Metzger,* 569 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *K—Mart No. 4195 v. Judge,* 515 S.W.2d 148 (Tex.Civ.App.—Beaumont 1974, writ dism'd); *Richter v. Plains National Bank,* 479 S.W.2d 95 (Tex. Civ.App.—Eastland), *writ ref'd n.r.e. per curiam,* 487 S.W.2d 704 (Tex.1972); Restatement (Second) of Torts § 909.

Since there is no complaint as to the jury finding that Baji willfully interfered with petitioners' private use of their motel room in such a manner as to entitle them to actual damages, it is necessary to consider only the evidence relating to the conduct of respondent's employee, Baji, as bearing upon the extent of his authority. The Purvis family, who lived in Baytown, had reservations at respondent's motel for the nights of July 4 and 5 in connection with a planned holiday at the Six Flags Over Texas amusement park. Upon checking into the motel on the afternoon of July 4, they were as-

signed Room 180. They occupied this room the night of July 4 without incident. However, on the night of July 5 they were awakened around 1:00 a. m. by the ringing of the room telephone. Mrs. Purvis answered the telephone call which was from a man who identified himself as the night manager and inquired as to her name. She replied that her husband would check with the desk. Mr. Purvis then telephoned the front desk and the person who answered said he had not called the room, but would connect Purvis with the night manager. The second person, who was later identified as Baji, told Purvis that there were no registered guests assigned to that room and wanted to know who they were. Purvis tried to explain that they had been registered since the 4th. Purvis and his wife then went back to sleep. Shortly thereafter, they were awakened by a terrific pounding on the door and, upon inquiry, were told it was the night manager. On opening the door, they were confronted by Baji and an armed security guard. Baji told Purvis that they were not registered guests and would have to leave. Upon Purvis's disagreement and continued insistence that they were registered guests, Baji sent the security guard to call police to come and escort the Purvis family from the motel. Baji left and, shortly thereafter, Purvis went to the front desk to see Baji in an effort to straighten out the mistake. He was there told by Baji that the Purvis family would have to leave the motel in that the room was rented to other people. After some discussion, Purvis was told by Baji that if he left within thirty minutes, he would not have to pay for the room. Purvis returned to the room to find his wife dressed, packed and by now quite willing to leave. Shortly thereafter, the night manager returned to the room with the security guard and two policemen from the City of Irving. One of the policemen advised that it had been reported to the police that Purvis was destroying the room. Respondent admitted, in response to interrogatories, that Baji had called for the policemen because he feared Purvis would create a disturbance. After checking the room and

seeing that everything was in good order, the policemen required Purvis to return to the desk to pay the bill. However, after conferring privately with the policemen, Baji said that nothing was owed; whereupon, the Purvis family left the motel. They spent the remainder of the night on the six hour drive back to Baytown. The unfortunate incident which had ruined their planned vacation was culminated about two weeks later when they received a bill from the respondent motel for two nights lodging.

It is undisputed that Baji was an employee of respondent motel at the time of the incident and in the scope of his employment. It was the stated position of respondent prior to the trial that the Purvis family had not been evicted from their room. No question was raised by respondent as to the extent of Baji's authority until respondent filed its motion for judgment non obstante verdicto and urged that the evidence did not establish as as a matter of law that Baji was such a manager or vice principal of the corporate respondent as to make it responsible for exemplary damages. Nevertheless, petitioners concede that since no jury issue was submitted or requested by them as to Baji's authority, the judgments of the courts below are correct unless the evidence establishes as a matter of law that Baji was acting in a managerial capacity on the occasion in question. *See* Rule 279, Tex.R.Civ.Pro.

█ The evidence establishes that respondent called Baji's position "night manager." Also, Baji and his co-employee referred to his position as "night manager." Nevertheless, respondent urges that his duties were actually that of "night auditor." It is true that one of Baji's responsibilities during his duty shift from 11:00 p. m. to 7:00 a. m. was to enter the proper charge and tax for a guest's room on the guest's account and to see that all late charges were entered so the bill would be ready for any guest who wished to check out of the motel early in the morning. He was also responsible for the motel security during that period. It was specifically a part of his responsibility to see that no unauthorized persons were in any of the rooms. Another employee, whose title was that of "innkeeper," went to his home in another city about 7:00 p. m. and Baji was the senior employee present during the 11:00 p. m. to 7:00 a. m. shift. As such, Baji would be in charge of this 288 unit motel during that period. Furthermore, Baji was authorized to bypass the innkeeper and report directly to the director of operations for respondent.

This evidence demonstrates conclusively that Baji's authority matched his designated title of "night manager." The term "manager," as applied to a representative of a corporation, implies that the management of the affairs of the company has been committed to him with respect to the enterprise under his charge. Here, Baji was in charge of, and responsible for, the operation of this large motel near a major airport between the hours of 11:00 p. m. and 7:00 a. m. As such he was employed by respondent in a managerial capacity. Since the uncontroverted evidence establishes that he was acting in this capacity at the time of the incident in question, respondent is liable for exemplary damages for his wrongful acts. *Fisher v. Carrousel Motor Hotel, supra; K-Mart No. 4195 v. Judge, supra.*

The jury found that respondents jointly were entitled to recover the sum of $25,000. Inasmuch as actual damages were awarded to one of the minor children as well as to Purvis and his wife, it will be necessary for the trial court to apportion the exemplary damages among said parties. Accordingly, the judgments of the courts below are reversed and the cause is remanded to the trial court with instructions to apportion the exemplary damages among these parties. Judgment should thus be entered for petitioners' actual and exemplary damages as found by the jury.