The CITY OF HOUSTON, Appellant,

v.

Willie WORMLEY, Appellee.

No. 17917.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 2, 1981.

Rehearing Denied July 30, 1981.

Edward A. Cazares and John H. Helm, Houston, for appellant.

Gripp & Barker, John A. Barker, Houston, for appellee.

Before COLEMAN, C.J., and PEDEN and SMITH, JJ.

PEDEN, Justice.

The City of Houston appeals from a judgment rendered on jury findings awarding Mr. Willie Wormley $6,996.50 damages in his negligence suit against the City and its employee, Victor V. Swearington. Mr. Wormley sustained personal injuries when his vehicle was struck from the rear by a van owned by the City of Houston Public Library and driven by Swearington. The City contends in two points of error that the trial court erred 1) in overruling its motions for instructed verdict and for judgment *non obstante veredicto* because it was not given a verified written notice of the claim as required by its charter notice provisions, and 2) in refusing to admit evidence to show that its employee had deviated from the course and scope of his employment at the time of the accident. We sustain the second point and reverse and remand.

The jury found that the driver of the City's van, Swearington, proximately caused the accident by negligently driving while intoxicated, failing to stop without striking the plaintiff's vehicle, failing to keep a proper lookout, and failing to timely apply his brakes. Swearington was employed by the City as a Library Resources Center Building attendant and substitute driver at the time of the accident.

The appellant's amended answer specially denied that the plaintiff had met the substantive statutory prerequisites for perfection of a cause of action against the City by reason of his failure to comply with Article IX, Section 11, of the Charter of the City of Houston. It provides:

Sec. 11. Notice of claim for damages.

Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the mayor and city council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damages sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the mayor and city council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal section 12 of Article IX of this Charter.

The claimant suggests that the City was not entitled to the character of notice required by the City's charter be-

cause of the exception provided by the Texas Tort Claims Act, Article 6252–19, V.T.C.S. We agree with the City's position that its maintenance of the library is a proprietary function. Therefore, the Texas Tort Claims Act does not apply. Section 18(a) of Art. 6252–19. For this reason, the claimant was not excused from giving the City written notice of his claim. However, we overrule the City's point of error asserting that the plaintiff's written notice was fatally defective because it was not verified.

The Texas Supreme Court recently held that verification requirements in home-rule city charters are invalid because they represent an unreasonable limitation on the city's liability and are contrary to the authority given to home rule cities by paragraph 6 of Article 1175, V.T.C.S. *Artco-Bell Corp. v. City of Temple*, 616 S.W.2d 190 (Tex.1981). We need not consider whether the appellee's notice complied with other provisions of section 11 since the City makes no complaint in that regard. We overrule the City's first point of error.

The City contends that it also raised by argument under its first point a question of whether the trial court erred in admitting in evidence a copy of the notice given by the claimant to the City since the claimant did not plead that he had given notice. We consider that the appellant did not raise this matter by point of error since it only made a passing reference to it in its argument under its first point of error. In any event, we have been cited to no authority in support of that position, we have found none, and we hold that it should not be sustained.

The second point of error is that "The trial court erred in refusing to allow evidence showing that appellant's employee had deviated from the course and scope of his employment at the time of the accident."

Following the testimony of the investigating officer, J. L. Scott, the trial court did not allow the City to call Mona Munson Travis, Swearington's supervisor to testify before the jury. The trial judge ruled that her testimony should be excluded because it supported an affirmative defense that the City had not pleaded. The City asserts that deviation from scope of employment is not in the nature of an affirmative defense or a defense constituting an avoidance within the meaning of Rule 94, Tex.R.Civ.P., and that there is no basis in law for refusing to allow such evidence in rebuttal of the plaintiff's evidence. We agree.

In automobile collision cases a presumption arises that the driver was acting within the scope of his employment by the defendant when it is proved that the employer owned the vehicle and employed the driver. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971). The presumption is only a procedural tool, however, and it disappears from the case once it has been rebutted by positive evidence to the contrary. *Robertson Tank Lines, Inc. v. Van Cleave, supra; Mitchell v. Ellis*, 374 S.W.2d 333 (Tex.Civ.App.1963, writ ref'd). The plaintiff retains the burden of proof throughout the trial, and it is only the burden of going forward which shifts as a result of the presumption. *See generally, Purvis v. Holiday Inn, Inc.*, 588 S.W.2d 794 (Tex.Civ.App.1979), *rev'd on other grounds*, 595 S.W.2d 103 (1980). It is well established that before a master will be liable vicariously for the acts of his servant, such acts must be shown to have been committed within the course and scope of the servant's employment and for the accomplishment of the object for which the servant was employed. *Robertson Tank Lines, Inc. v. Van Cleave, supra; J. C. Penney Co., Inc. v. Oberprillar*, 141 Tex. 128, 170 S.W.2d 607 (1943); *Broaddus v. Long*, 135 Tex. 353, 138 S.W.2d 1057 (1940); *Southwest Dairy Products Co., Inc. v. De Frates*, 132 Tex. 556, 125 S.W.2d 282 (1939).

In this case it is uncontested that at the time of the accident defendant Swearington was employed by the City of Houston and was driving a van owned by the Houston Public Library, so the presumption arose that he was in the scope of his employment. Unless the City was allowed to put on evidence in rebuttal, the presumption supplied everything the plaintiff needed concerning the agency element.

■ Evidence to show that the employee deviated from the course and scope of his employment amounts to the rebuttal of an element of the plaintiff's case, not an independent reason why the plaintiff should not recover on his case. The Texas Supreme Court stated in *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (1967):

The defendant may, by a general denial, put the plaintiff upon proof of the facts alleged in the petition, and, under such general denial, the defendant would be entitled to introduce evidence which tended to disprove the facts alleged in the plaintiff's petition, and to rebut evidence offered by the plaintiff. If a defendant desires to introduce evidence of a fact which does not tend to rebut the facts of the plaintiff's case, but which show[s] an independent reason why the plaintiff should not recover upon the case stated and proved, then such defendant must plead the facts which will avoid the legal consequences of plaintiff's case, else the testimony will not be admissible. . .

■ Rule 94 does not list deviation from course and scope as a defense which must be pleaded affirmatively, the plaintiff in our suit has not cited any case in which a Texas court has so held, and we have found none. We hold that deviation from course and scope of employment is put in issue by a general denial and that the trial court erred in excluding the testimony of Mona Travis.

We sustain the second point of error.

The final question is whether the exclusion of Ms. Travis's testimony required reversal under Rule 434, Tex.R.Civ.P. The thrust of her testimony on the question was that she had hired Swearington as a janitor and back-up driver for the Houston Public Library's Bookmobile Unit, which was officed in the Library Resources Center at the corner of Center and Studemont streets, that part of Swearington's responsibility was to deliver books to the outlying library branches, that she dispatched him to deliver books to three branch libraries at around 9 or 10 a. m. on the day of the accident, that his behavior on that morning gave her no indication that he had been drinking, that his run should have taken no more than half of the day to complete, that he completed his assigned route as far as the Central Library branch, where he was instructed to return in one hour because they did not yet have the books ready, and that she waited for him for some time after the Resources Center closed, but that he never showed up.

The accident occurred in the 2200 block of Calhoun Street. Ms. Travis testified that the location of the Resources Center was about one block from Washington and three or four blocks from I–10, that Swearington was not supposed to go to the library branch which is closest to 2200 Calhoun that day (University of Houston branch on Scott street), that she knows of no reason why he would have been near the accident location, and that he was assigned to pick up deliveries from three branches in east or east central Houston, then return to the Resources Center.

■ The foregoing testimony is not cumulative. While Officer Scott testified that Swearington would have had to go four or five miles out of his way to reach the scene of the accident if he had been, in fact, returning from Denver Harbor and that the location of the Central Library was approximately 25 blocks from the scene of the accident, there was no testimony other than Ms. Travis's tending to show where Swearington was supposed to be in order to carry out his assignments. The map showing locations is not a part of this record. We conclude that the jury probably would have found that Swearington was not within the scope of his employment had it been allowed to hear Ms. Travis's testimony and had an opportunity to answer the City's tendered issue inquiring about Swearington's deviation from the course and scope of his employment. We hold that this error of exclusion was harmful.

We reverse the judgment of the trial court and remand this case for a new trial.