**Darrel EDWARDS, Appellant,**

v.

**HAMMERLY OAKS, INC., Appellee.**

No. 01–93–01105–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 7, 1995.

Rehearing Overruled Oct. 12, 1995.

---

272

Jim Peacock, Gerald M. Birnberg, Houston, for appellant.

Robert Bateman, J. Preston Wrotenberg, Houston, for appellee.

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

HUTSON–DUNN, Justice.

The appellant, Darrel Edwards, a tenant of Hammerly Oaks Apartments, was assaulted with a knife by two contract employees of the appellee, Hammerly Oaks, Inc., on the premises owned and managed by Hammerly Oaks. Edwards sued Hammerly Oaks for negligence and gross negligence, and the jury entered a verdict in his favor on the issues of negligence, compensatory damages, gross negligence, and exemplary damages. The trial court granted Hammerly Oaks' motion to disregard the jury's findings as to gross negligence and exemplary damages on the basis that no evidence supported these findings. In a sole point of error, Edwards contends that the trial court erred in disregarding the jury's findings and refusing to include exemplary damages in its judgment because a corporation is answerable for the gross negligence of its agents engaged in activities pursuant to a non-delegable duty. We reform the judgment of the trial court and, as reformed, affirm.

## I. Applicable Law

■ The Texas Supreme Court recently clarified the common law definition of gross negligence in *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 19–23 (Tex.1994). In *Moriel*, the court stated that gross negligence involves two components: (1) the defendant's act or omission; and (2) the defendant's mental state. *Id.* at 21. The act or omission is viewed objectively from the standpoint of the actor and must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others.[1] *Id.* at 23. The mental state prong exists when the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others. *Id.* In *Moriel*, the supreme court reaffirmed its holding of previous cases that

---

1. The court emphasized holdings of prior cases by stating that the " 'extreme risk' prong is not satisfied by a remote possibility of injury or even a high probability of minor harm, but rather 'the likelihood of serious injury to the plaintiff.' " *Id.* at 22 (quoting *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex.1993)).

the defendant's subjective mental state can be proven by either direct or circumstantial evidence. *Id.*[2]

■ Generally, an affirmative finding by the jury of either gross negligence or malice will support an award of exemplary damages. *See Moriel,* 879 S.W.2d at 19. However, a plaintiff can only recover exemplary damages against a corporation in one of the following circumstances: (1) if the agent or employee who was grossly negligent was employed as a vice-principal and acting within the scope of his employment; (2) if the acts of the agent were previously authorized, or subsequently adopted or ratified by the corporation; or (3) if the employee was unfit and the corporation was reckless in employing him.[3] A vice-principal of a corporation includes corporate officers, those who have authority to employ, direct, and discharge servants of the master, those engaged in the performance of non-delegable or absolute duties of the master, or those to whom the master has confided the management of the whole or a department or division of the business. *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 406–07 (1934), *overruled on other grounds, Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712, 714 (Tex.1987); *Southwestern Bell Tel. Co. v. Reeves,* 578 S.W.2d 795, 800 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

## II. Analysis

In his sole point of error, Edwards asserts that the trial court erred by: (1) disregarding the jury's findings of gross negligence and award of exemplary damages; and (2) refusing to include exemplary damages in its judgment. Edwards contends that Hammerly Oaks is liable in exemplary damages for the gross negligence of its agents engaged in

activities with regard to which Hammerly Oaks had a non-delegable duty.

■ On the day of the assault, the lock on the front door of the apartment adjacent to Edwards' apartment did not work because the apartment was being prepared for a new tenant. Edwards refers this Court to a Houston municipal ordinance, which provides:

(b) *Property standards.* An owner shall:

(4) Keep the doors and windows of a vacant building or vacant portion of a building securely closed to prevent unauthorized entry.

Houston City Ordinance § 10–343(b)(4). A duty imposed by law on the basis of concerns for public safety is non-delegable. *MBank El Paso, N.A. v. Sanchez,* 836 S.W.2d 151, 153 (Tex.1992); RESTATEMENT (SECOND) OF TORTS § 46, cmt. d (1965). In *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985), the Texas Supreme Court stated that the purpose of a Dallas city ordinance identical to the ordinance in the present case was to deter criminal activity and protect the public by reducing the conspicuous opportunities for criminal conduct. Edwards contends that Frank Smotek, a courtesy patrol of Hammerly Oaks, was a vice-principal of Hammerly Oaks because he was responsible for performing its non-delegable statutory obligation to secure the adjacent apartment. Thus, Edwards asserts that Smotek's gross negligence can be imputed to Hammerly Oaks.

### A. Waiver

■ We hold that Edwards waived his right to assert that Smotek was a vice-principal of Hammerly Oaks because he engaged in the performance of its non-delegable or

2. The trial in this case occurred in September 1993, and *Moriel* was issued by the Texas Supreme Court in June 1994. The court's opinion states that the procedural standards that it announces apply to all punitive damage cases tried in the future. *Moriel,* 879 S.W.2d at 26. However, the opinion does not state that its substantive definition of gross negligence applies only to cases tried after the decision. Rather, the court characterized its definition as a "substantial clarification" of the gross negligence standard. *Id.* at 13, 26. We therefore apply the definition of

gross negligence stated in *Moriel* to the present case.

3. *Purvis v. Prattco, Inc.,* 595 S.W.2d 103, 104 (Tex.1980); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 630 (Tex.1967); *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 406 (1934) *overruled on other grounds, Wright v. Gifford–Hill & Co., Inc.,* 725 S.W.2d 712, 714 (Tex.1987); *Southwestern Bell Tel. Co. v. Reeves,* 578 S.W.2d 795, 800 (Tex.Civ.App.— Houston [1st Dist.] 1979, writ ref'd n.r.e.).

absolute duties. At trial, the court submitted the following issue to the jury regarding whether Hammerly Oaks was grossly negligent:

QUESTION 6

Was such negligence of Hammerly Oaks, Inc., "gross negligence?"

"Gross negligence" means more than momentary thoughtlessness, inadvertence, or error of judgment. It means such an entire want of care as to establish that the act or omission in question was the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by it.

You are further instructed that in order for Hammerly Oaks, Inc. to be grossly negligent, you must find that Rose Britton, Frank Smotek, Marilyn Montgomery, Roman Gonzales, and/or Gabriel Gonzales were acting in their capacities as vice-principal of Hammerly Oaks, Inc.

A "vice principal" is a person who has the authority to hire, discharge, and direct employees of the corporation or who has the authority to manage the entire corporation or a department or division of its business.

Answer "Yes" or "No."

Answer: *Yes*

The record shows that Edwards did not object to this question or the court's definition of vice-principal, and he did not request a definition or instruction that the term "vice-principal" includes a person engaged in the performance of a non-delegable or abso-

lute duty of the master. To preserve error for appellate review regarding a defective question, definition, or instruction, a party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. *See State Dept. of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 241 (Tex.1992); *Religious of the Sacred Heart of Texas v. City of Houston,* 836 S.W.2d 606, 613–14 (Tex.1992); Tex.R.Civ.P. 274; Tex.R.App.P. 52(a).[4]

## B. Legal Sufficiency of the Evidence

■ Edwards additionally argues under his point of error that the trial court erred in disregarding the jury's findings of gross negligence and exemplary damages because there is legally sufficient evidence to support these findings. In light of our duty to construe points of error liberally to determine the intent of the party and to obtain equitable adjudication of the litigants' rights, we interpret Edwards' point of error in accordance with his argument. *See Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633 (Tex.1986); *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982); Tex.R.App.P. 74(d), (p). Therefore, we review the sufficiency of the evidence under the definitions and instructions in the trial court's charge as submitted to the jury. *See Sage Street Assocs. v. Northdale Construction Co.,* 863 S.W.2d 438, 447 (Tex.1993); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *Minnesota Mining & Mfg. Co. v. Nishika, Ltd.,* 885 S.W.2d 603,

---

**4.** Edwards contends that the trial court did not err by failing to submit a jury question or instruction concerning whether Smotek was a vice-principal of Hammerly Oaks because, as a matter of law, he was engaged in the performance of the non-delegable duty of ensuring that vacant apartments were locked to prevent unauthorized entry. The submission of an issue or instruction on vice-principal liability is not necessary if: (1) the jury's affirmative response to another issue in the charge indicates that the corporate defendant violated a non-delegable duty, *Otis Elevator Co. v. Joseph,* 749 S.W.2d 920, 926 (Tex.App.—Houston [1st Dist.] 1988, no writ); or (2) the evidence conclusively proves that the person who engaged in the grossly negligent act or omission was acting on behalf of the corporate defendant in the performance of a non-delegable duty. *Rainbow Express, Inc. v. Unkenholz,* 780 S.W.2d 427, 432 (Tex.App.—Texarkana 1989, writ denied).

We find neither of these rules applicable to the present case. The court's charge to the jury did not inquire whether Hammerly Oaks failed to secure the apartment in which Edwards was assaulted. Further, the parties presented conflicting evidence as to whether Smotek's job included ensuring that vacant apartments were locked to prevent unauthorized entry. Edwards and several of the witnesses that testified on his behalf stated that Smotek was a security guard. However, both Britton and Montgomery testified that Smotek was merely a "courtesy patrol." Britton testified that Smotek's duties consisted of monitoring the property for the following purposes: (1) to ensure that trash was not left on the complex; (2) to determine whether vehicles were parked in their proper spots; (3) to determine whether residents were keeping unauthorized pets; and (4) to handle noise complaints.

617 (Tex.App.—Beaumont 1994, writ requested).

When reviewing the granting of a motion to disregard a jury finding, an appellate court uses a legal sufficiency or "no evidence" test. *Harris County v. McFerren*, 788 S.W.2d 76, 78 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The court may consider only the evidence and reasonable inferences therefrom which, when viewed in their most favorable light, support the jury's finding. *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex.1987). Further, we must ignore all evidence contrary to the jury's finding. *Id.* If any evidence of probative force exists to support the jury's finding, that finding must be upheld, and it was error for the trial court to disregard the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). The traditional "no evidence" test for appellate review applies to gross negligence findings. *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993). However, there must be some evidence, either direct or circumstantial, that logically supports both elements of gross negligence. *Id.*

The facts viewed in a light most favorable to the jury's finding of gross negligence are as follows. Hammerly Oaks hired Roman Gonzales as an independent contractor to clean carpets of its apartment units. On Monday, April 17, 1989, Gonzales told Britton that his carpet cleaning machine had been stolen, and he could not continue cleaning carpets for the apartments. Before Edwards was assaulted, Gonzales also told Marilyn Montgomery, a leasing agent for Hammerly Oaks, that he suspected that Edwards had taken his machine, and he "would like to go over and beat it out of [Edwards]." The record shows that neither Britton nor Smotek were present when Gonzales said this to Montgomery. Nevertheless, Montgomery did nothing to notify the police, Edwards, or Britton of Gonzales' threat. When Edwards arrived home from work on the afternoon of April 18, 1989, Gonzales grabbed him and pulled him into the vacant adjacent apartment. Once inside the apartment, Gonzales and a second assailant beat and stabbed Edwards.

For Hammerly Oaks to be liable for exemplary damages, the jury had to find that at least one person mentioned in the instructions under question six of the court's charge was a vice-principal acting within the scope of its employment. As noted, the court's charge defined vice-principal as: (1) a person who has the authority to hire, discharge, and direct employees of the corporation; or (2) a person who has the authority to manage the entire corporation or a department or division of its business. Further, the charge instructed the jury that Hammerly Oaks could only be liable for gross negligence if the jury found that either Britton, Smotek, Montgomery, Roman Gonzales, and/or Gabriel Gonzales were acting in their capacities as a vice-principal of Hammerly Oaks. Applying the legal sufficiency standard of review to the definition of vice-principal that was submitted to the jury, we conclude that the evidence is legally sufficient to support a finding by the jury that Montgomery was a vice-principal who was grossly negligent in her actions.

We first address whether the evidence is legally sufficient to support a finding by the jury that Montgomery was a vice-principal. The evidence at trial established that Montgomery was a leasing agent for Hammerly Oaks at the time of the events in question, and her duties included greeting persons on the telephone and in the office, showing the property to prospective tenants, and preparing the paperwork once a person decided to lease an apartment. Montgomery did not have the ability to write checks for the complex or to hire and fire its employees.

The record also shows that Montgomery was more than just a leasing agent when Gonzales threatened to assault Edwards. A title designation is not dispositive in determining whether a corporation is liable when its employee or agent acts in a grossly negligent manner. *Texarkana Memorial Hosp., Inc. v. Firth*, 746 S.W.2d 494, 498 (Tex.App.—Texarkana 1988, no writ); *see also Purvis v. Prattco, Inc.*, 595 S.W.2d 103, 104–05 (Tex.1980). Montgomery testified that she worked very closely with Britton, and the record shows that she interacted with Gonzales to coordinate the cleaning of carpets in apartments that were being prepared for new tenants. Gonzales consulted

with Montgomery prior to the incident in question because Britton was not in the Hammerly Oaks office. Specifically, Montgomery testified:

> Roman came in to acquaint with me the fact his equipment had been taken, and I would have been an obvious person to tell that to because we would process—when someone wanted an apartment, and we would get it ready so the carpet needed to be cleaned—that would need me to interact with the carpet man, although it did go into Rose's office, into a flow sheet process.
>
> . . . .
>
> Now he wanted to acquaint me with this because it would affect our cleaning carpets.
>
> . . . .
>
> He approached me with the fact that his machinery was gone and couldn't clean carpets. We had heavy schedules often, and he was very concerned to get the information to the office that he couldn't clean carpets.

We conclude that this evidence is legally sufficient to support a finding by the jury that Montgomery was acting in a managerial capacity in Hammerly Oaks' office when Gonzales made the threat in question. Therefore, the evidence is legally sufficient to support a finding that Montgomery was a vice-principal.

We now consider whether the evidence is legally sufficient to support a jury finding that Montgomery was grossly negligent. As noted, the record shows that Gonzales told Montgomery that he suspected that Edwards had taken his machine, and he wanted to beat it out of Edwards. Nevertheless, Montgomery did nothing to notify the police, Edwards, or Britton of the threat. Viewing this evidence objectively from Montgomery's standpoint, we hold that Edwards produced legally sufficient evidence of an extreme risk. *Moriel,* 879 S.W.2d at 23. The refusal to warn a tenant that someone has threatened the tenant with bodily injury, or to secure a vacant apartment next to the tenant's after the threat is made, creates a likelihood of serious injury to the tenant. The evidence also supports a jury finding that Montgomery had subjective knowledge

of the threat against Edwards and refused to take any protective measures. *See id.*

We sustain Edwards' sole point of error.

We reform the judgment of the trial to make it include the jury's findings on gross negligence and the award of exemplary damages.