

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00258-CV

**CITY OF FORT WORTH,**

        **Appellant**

 **v.**

**JEFF HART, AS NEXT FRIEND**
**OF K.H., A MINOR, FARMERS**
**TEXAS COUNTY MUTUAL**
**INSURANCE COMPANY, AND**
**RACHEL E. HOWARD,**

        **Appellees**

---

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. DC-C201600644**

---

## MEMORANDUM OPINION

---

Appellee Jeff Hart, as Next Friend of his minor child, K.H., sues the City of Fort Worth for injuries K.H. suffered as the result of an automobile accident involving a police officer employed by Appellant City of Fort Worth. The City's plea to the jurisdiction[1]

---

[1] The City filed a plea to the jurisdiction and subsequently filed an amended plea to the jurisdiction. For brevity, we will refer to both as the plea to the jurisdiction.

was denied by the trial court. On appeal, the City argues that the trial court erred because Hart failed to demonstrate that the officer was acting in the scope of his duties as a police officer for the City at the time of the accident. The City also asserts that the trial court erred in sustaining objections to the City's evidence in support of its plea to the jurisdiction. We will reverse.

*Background*

On May 4, 2016, City of Fort Worth police officer Aldo Castaneda, who was driving a City-owned vehicle, was involved in an accident with another vehicle driven by Rachel E. Howard. At the time of the wreck, Castaneda was on his way to work in Fort Worth. He exited the parking lot of the Burleson Police Department, where he was permitted to park the City-owned vehicle overnight, and collided with Howard's vehicle as she was backing out of a driveway. The accident resulted in damages to both vehicles involved and injuries to Howard and to K.H., who was a passenger in Howard's vehicle. After Hart filed suit on behalf of K.H., Howard and her insurer, Farmers Texas Mutual Insurance Company, intervened in the suit, seeking recovery for Howard's injuries and the damages to her vehicle. Howard and Farmers adopted the allegations contained in Plaintiff's original petition in their pleas in intervention.

In support of its plea to the jurisdiction, the City presented excerpts from Castaneda's deposition and an affidavit from Javier Aguilar, a Legal Liaison Officer and custodian of records for the City's police department, that included pertinent provisions

of City policies regarding officers' use of City-owned vehicles. Hart and the Intervenors[2] filed responses and also filed objections to the City's exhibits. After a hearing, the trial court denied the City's plea and sustained the objections to the exhibits. The trial court orally stated: "I do find that the fact issue does exist as to whether or not the Officer was acting within the course and scope of his duties." A subsequent motion for rehearing by the City was also denied.

### The Evidence

Before considering the merits of the City's plea to the jurisdiction, we must address whether the trial court erred in sustaining Hart's objections to the excerpts from Castaneda's deposition that were included as an exhibit to the City's plea. The admission and exclusion of evidence is committed to the trial court's sound discretion. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998); *see also Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 688 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Trial court error is reversible, however, only when it is harmful—that is, when the error probably caused the rendition of an improper judgment. *Diamond Offshore Services, Ltd. v. Williams*, 542 S.W.3d 539, 551 (Tex. 2018). A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turned on the particular evidence excluded or admitted. *See GT & MC, Inc. v. Texas City Ref., Inc.*, 822 S.W.2d 252, 257 (Tex. App.— Houston [1st Dist.] 1991, writ denied); *Sanchez v. Balderrama*, 546 S.W.3d 230, 234-35 (Tex. App.—El Paso 2017, no pet.). We determine whether the case turns on the evidence

---

[2] Hart and the Intervenors filed identical responses and objections. For brevity, we will refer to all of the parties as "Hart."

excluded by reviewing the entire record. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). We will not reverse a judgment for erroneous evidentiary rulings when the evidence in question is merely cumulative and is not controlling on a material issue dispositve to the case. *Id.*

Whether the exclusion of evidence was harmful must be evaluated in relation to the provisions of the Texas Tort Claims Act (TTCA) applicable to Hart's claims—specifically, whether Castaneda was acting within the scope of his employment with the City at the time of the accident. Without Castaneda's deposition, the Court is unable to evaluate whether Castaneda was acting within the scope of his employment and whether or not the City is entitled to immunity from liability. Castaneda's deposition testimony is, therefore, material and dispositive of the issue of jurisdiction, and the exclusion of that testimony would be harmful to the City. As such, we next determine whether the trial court erred in excluding Castaneda's deposition.

Hart objects that Castaneda's deposition was hearsay and not properly authenticated. If the trial court's ruling is based upon a finding that Castaneda's deposition is hearsay, that ruling is erroneous because statements made in a deposition taken in the same proceeding are not hearsay. *See* TEX. R. OF EVID. 801. If the trial court's ruling is based upon a determination that the deposition is not properly authenticated, that is likewise an erroneous ruling. Generally, the standard for resolving a plea to the jurisdiction mirrors that of a summary judgment motion under Texas Rule of Civil Procedure 166a(c). *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Rule 166a(c) does not require that deposition excerpts submitted in support of or

in opposition to a summary judgment motion be authenticated. *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex. 1994). As the *McConathy* court notes, "All parties have ready access to depositions taken in a cause, and thus deposition excerpts submitted with a motion for summary judgment may be easily verified as to their accuracy." *Id.*; *see also Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.*, 499 S.W.3d 169, 181 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (Boyce, J., concurring) ("For more than two decades, summary judgment movants have not been required to authenticate excerpts from depositions taken in the case in which the motion was filed."); *see also City of Dallas v. Papierski*, No. 05-17-00157-CV, 2017 WL 4349174, at * 4 (Tex. App.—Dallas Oct. 2, 2017, no pet.) (mem. op.). We see no reason that deposition excerpts included as exhibits to a plea to the jurisdiction should be treated differently. The deposition excerpts attached to the City's plea to the jurisdiction do not, therefore, require separate authentication.

Hart further argues that the deposition excerpts should be excluded because certain passages were highlighted, thus rendering them contrary to the affidavit certifying that the excerpts were "photocopied without alteration from the copy of the transcript." Hart offers no authority to support this argument. The definition of "alter" is "to make different in details but not in substance; modify." WEBSTER'S NEW WORLD COLLEGE DICTIONARY (4th ed. 1999). Merely highlighting certain questions and answers does not constitute a modification that changes the details of the deposition. If the trial court excluded Castaneda's deposition because of the highlighting, that ruling was in error. We conclude that the trial court's order granting Hart's objections to Castaneda's

deposition was an abuse of discretion resulting in the exclusion of evidence that is material to the ultimate issue—whether Castaneda was acting within the scope of his employment with the City when the accident occurred. We, therefore, sustain the City's second issue. We will consider the excerpts from Castaneda's deposition in analyzing whether the trial court erred in denying the City's plea to the jurisdiction.[3]

### *Governmental Immunity*

**A. Standard of Review**. We review de novo a trial court's ruling on a plea to the jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226. "In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether this burden has been satisfied, we must construe the pleadings liberally in the claimant's favor and deny the plea if the claimant has alleged facts affirmatively demonstrating jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226; *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 697-98 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

If the governmental entity challenges the plaintiff's jurisdictional allegations, then the plaintiff must adduce some evidence to support jurisdiction. *Miranda*, 133 S.W.3d at

---

[3] We need not reach the trial court's ruling on the specific questions from Castaneda's deposition as the other evidence in the record is sufficient to analyze the merits of the appeal.

227-28. In such a case, the trial court then considers the relevant evidence submitted by the parties. *Id.* at 227. When the relevant evidence is undisputed or fails to raise a fact question on the issue of jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. If, however, the evidence creates a fact question regarding jurisdiction, then the trial court must deny the plea, and the fact issue will be resolved by the factfinder. *Id.* at 227-28. In reviewing the evidence presented, we indulge every reasonable inference in the plaintiff's favor. *Id.* at 228.

Generally, the common law doctrine of sovereign immunity prevents the state from being sued without the state's consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011). Political subdivisions of the State, such as the City of Fort Worth, are also protected from suit by what is labeled "governmental immunity." *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003); *City of Balch Springs v. Austin*, 315 S.W.3d 219, 223 n.2 (Tex. App.—Dallas 2010, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2017) (defining "governmental unit" to include political subdivisions of the state, including cities). The State and its political subdivisions may be sued only if the Legislature waives immunity in "clear and unambiguous language." *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). In the TTCA, the Legislature has expressly waived the state's immunity in limited circumstances, including when an injury is caused by the negligent operation or use of a public-owned, motor-driven vehicle or piece of equipment by a city employee acting within the scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1) (West 2011); *see also Austin*, 315 S.W.3d at 224. "Scope of employment" is defined in the TTCA as "the

performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2017).

**B. Scope of Employment**. As the excerpts from Castaneda's deposition are sufficient to support the City's immunity and challenge the court's jurisdiction, the burden is on Hart to present some evidence that Castaneda was acting in the scope of his duties as an employee of the City of Forth Worth at the time of the accident.

It is undisputed that at the time of the accident, Castaneda was a police officer with the City of Fort Worth assigned to a narcotics detail. Castaneda did not live in the City of Fort Worth and was given permission to use a city-owned vehicle to drive to and from work. The City paid for gas for the vehicle, and also provided Castaneda a credit card to be used to purchase the gas. All other expenses, such as for oil changes and routine maintenance, were to be completed by the City. The City did not pay or reimburse for mileage, and Castaneda's salary did not include the time commuting in the vehicle to and from work. Castaneda was also issued a mobile phone and radio by the City and was subject to being called to work if needed.

The accident occurred between 8:00 a.m. and 8:30 a.m., and Castaneda's usual work hours were from 8:00 a.m. to 6:00 p.m. After the wreck, Castaneda identified himself as a police officer to the 911 operator, the Burleson police officer who investigated the accident, and Howard. Castaneda called his supervisor, Sergeant Lacroix, and advised him of the accident. Lacroix told Castaneda to take photographs of both vehicles

and to submit them along with the accident report prepared by the Burleson police officer when he received it. Lacroix also told Castaneda to give the investigating officer the telephone number for Fort Worth Risk Management and to advise the officer that he was driving a city vehicle that was self-insured. Lacroix did not tell Castaneda to provide his personal insurance information.

"In general, whether a person is acting within the scope of his employment depends on whether the general act from which an injury arose was in furtherance of the employer's business and for the accomplishment of the objective for which the employee was employed." *Austin*, 315 S.W.3d at 225 (citing *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex. 1972)). An employee is not acting within the scope of his employment unless his actions have some connection with, and is being undertaken in furtherance of, the employer's business. *Id.* (citing *Biggs v. U.S. Fire Ins. Co.*, 611 S.W.2d 624, 627 (Tex. 1981)); *see also Vernon v. City of Dallas*, 638 S.W.2d 5, 8-9 (Tex. App.—Dallas 1982, writ ref'd n.r.e.).

In automobile collision cases under the TTCA, an employee driving an employer-owned vehicle is presumed to be acting within the scope of his employment. *City of Houston v. Wormley*, 623 S.W.2d 692, 694 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). However, the presumption is merely a procedural tool that disappears from the case when rebutted by positive evidence to the contrary. *Id.* The courts must also examine what the officer was doing at the time of the incident and why he was doing so. *Id.*

The evidence presented by the City indicates that Castaneda, at the time of the accident, was "off-duty, was not being paid for his time, had no official duties, and was merely commuting to work at the time of the collision." *Lara v. City of Hempstead*, No. 01-15-00987-CV, 2016 WL 3964794, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2016, pet. denied) (mem. op.). This is sufficient to rebut the presumption that Castaneda was acting in the scope of his employment merely by driving a city-owned vehicle. *Id.*; *see Wormley*, 623 S.W.2d at 694.

Hart responds that various circumstances and City policies are sufficient to at least raise a fact issue as to whether Castaneda was acting in the scope of his employment because: (1) the accident occurred during the hours Castaneda was scheduled to work; (2) City policy permitted Castaneda to use the vehicle only for City business; (3) the City-issued mobile phone and radio resulted in Castaneda being on-call at all hours; (4) Castaneda identified himself as a police officer after the wreck: (5) the police report identified the City as the financially responsible party; and (6) Castaneda was required to report off-duty usage of the vehicle and he did not file such a report for the day of the accident. None of these are sufficient either alone or together to raise a fact issue as to whether Castaneda was acting in the scope of his employment at the time of the wreck.

The fact that the accident may have occurred during Castaneda's scheduled work hours does not indicate that he was on duty at the time. Nor does the fact that Castaneda failed to file a report regarding the off-duty usage of the city-owned vehicle on the day of the accident translate into him being on duty. Such matters may be a violation of City or department policy and subject Castaneda to censure or loss of pay, but such violations

do not alter the nature of the actions he was performing. *See Lara*, 2016 WL 3964794, at *4. Additionally, the fact that Castaneda was issued a mobile phone and radio by the City in order to enable him to respond to after-hours calls does not mean that he is on-duty at all times. *Austin*, 319 S.W.3d at 225 ("[T]he fact that an off-duty police officer is subject to being called to service twenty-four hours a day while within the City does not mean he is acting within the scope of government employment at all times while off-duty."); *see also Garcia v. City of Houston*, 799 S.W.2d 496, 499 (Tex. App.—El Paso 1990, writ denied) ("[E]ven where an employee is on call 24 hours a day he must be engaged in or about the furtherance of the affairs or business of his employer to be in the scope of his employment."). The fact that Castaneda identified himself as a police officer after the wreck also does not alter his off-duty status. He did not investigate the wreck or do anything other than what an ordinary citizen would do in a similar situation. Finally, the fact that Castaneda was incorrectly told by his supervisor to name the City as the financially responsible party for the Burleson Police report does not transform his off-duty status.

### Conclusion

We conclude that the trial court erred in denying the City's plea to the jurisdiction. We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing the claims of Hart, Howard, and Farmers Texas Mutual Insurance Company against the City for lack of subject matter jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and Rendered
Opinion delivered and filed January 2, 2019
[CV06]

